IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS ROSCOE,
    *Plaintiff*,

v.

WATCO COMPANIES, LLC, et al.,
    *Defendants*.

CIVIL ACTION
NO. 15-2118

**FILED**
MAY 20 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 20th day of May, 2019, upon consideration of *Pro Se* Plaintiff's Letter Request Regarding Settlement dated July 25, 2018 (ECF No. 61) and the Report and Recommendation of the Honorable Lynne A. Sitarksi, United States Magistrate Judge, (ECF No. 70), to which no objections were filed in accordance with Local Rule 72.1 IV, it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1].

2. The matter is hereby reopened solely for the purpose of ruling on Plaintiff's Letter Request Regarding Settlement.

3. Plaintiff's Letter Request Regarding Settlement is **DENIED**.

4. Consistent with this Court's Order dated December 11, 2017 (ECF No. 53), this matter remains dismissed pursuant to Local Rule 41.1 because the parties reached an agreement resolving this case on December 4, 2017.

---

[1] As Plaintiff did not file any objections or response to the Report and Recommendation (the "R&R"), the Court reviewed the record under the "plain error" standard. *Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this standard of review, a court should only reject a magistrate judge's report and recommendation where there is an error that "(1) is clear and obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). After liberally construing Plaintiff's *pro se* filing, *see Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), and conducting an independent review of the record the Court finds no such error and, therefore, approves and adopts the R&R in its entirety.

The Clerk of Court shall **CLOSE** this case for statistical and all other purposes.

BY THE COURT:

_____
C. DARNELL JONES, II